OPINION OF THE COURT. — By the
Hon. EDWARD TURNER.
This is an action of covenant, commenced by writ of attachment by Harry Cage against Austin Wool folk, in the Wilkinson Circuit court. The defendant appeared and replevied by giving bail, and moved the court to quash the attachment for reasons assigned on the record, which motion the court overruled. The defendant then pleaded the plea of former recovery, in a district court of Louisiana, to which the plaintiff below replied, and issue was joined to the court. The court below overruled the plea, and after verdict assessing the plaintiff’s damages, gave judgment for the plaintiff: fróm which judgment the defendant appealed to this court.
The Appellant assigns errors to the following effect, to-wit:
1st. That the court erred in refusing to quash the attachment, for the reasons assigned.
2d. That the court erred in refusing to permit the record of the suit in Louisiana, to be read to the jury, as evidence conducing to provea former trial, judgment and recovery had on the same matter.
3d. That the court erred in deciding the issue to the court on the special plea, in favor of the plaintiff below.
In this case, two points only, in our opinion, present themselves for the consideration of this court.
1st. Will an attachment lie, to recover damages for breach of covenant.
2d. Is the judgment given in the district court of Louisiana binding upon Harry Cage any further than the effects attached.
Our law of attachments, Rev. Code, p. 157, sec. 6; provides, that “ if any creditor shall make complaint, &c. and if such creditor shall make *301 oath, & c. to tho amount of his or her debtor demand, &c. such, judge or justice shall grant an attachment against the estate of such debtor, &c.”
Is the plaintiff’s claim a credit? We think it is; and that it is such a credit as may be sued for by the process of attachment. One object of this process, is to compel an appearance of the defendant. On his appearance, and giving bail, he is allowed to plead; and the cause then proceeds, as in the ordinary mode of suit by capias ad respondendum.
Another object of the writ of attachment, is, in default of the personal appearance of the defendant, to subject the attached goods and credits of the defendant to the payment of the plaintiff’s demand.
This position is sustained by high authority. See Sergeant on attachment, page 43 to 54, and the cases there cited; 4 Crunch, 421, &c.
As to the second point, we are equally well satisfied, that the judgment given in the district court of Louisiana, is not binding upon Cage, any further than as to the effects attached. The proceeding is in rent. The doctrine on this subject was settled many years ago in our courts, in the case of Chew and Relf vs. E. Randolph. Chew and Relf sued Randolph by attachment in Louisiana, and> obtained judgment, but they did not succeed in effecting payment of their demand. An action was brought in the Superior Court of Wilkinson county, on the judgment obtained in Louisiana. The cause was taken to our Supreme Court, where it was decided, that an action of debt could not be maintained in such a case. Chew and Relf were turned round to their suit on the original cause of action, on which they finally succeeded. This decision was based on adjudged cases, and the intrinsic nature of the suit'by attachment, and has been considered the law of the 1 and ever since.
For the sake of brevity, I will refer to the case of Isaac Bissell vs. Seth Briggs, reported in 9 Mass. Rep, page 462 to 479, where many adjudged cases are referred to, and where the doctrine applicable to this case, is fully and ably discussed by the learned Ch. J. Parsons, and by Sewall J. Cage, not being a citizen of Louisiana, and not being served, personally with process, is not considered as bound by the judgment rendered against him. The court in Louisiana had no jurisdiction over his person, and could exercise none, unless he had been found there and been served with process. “If a court of any state, should render judg *302 ment against a man not within the state, nor-bound by its laws, nor amenable to the jurisdiction of its courts; if that judgment should be produced in any other state against the defendant, the jurisdiction of the court might be enquired into, and if a want of jurisdiction appeared, no credit would be given to the judgment.
The court in Louisiana,had jurisdiction over the effects of Cage, found in Louisiana, and so far as the proceeding affects those effects, it is binding to all parties; but no further.
Judgment affirmed.
Judge Black concurs.